1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER JOHN WILSON,                    No.  2:24-cv-2354 CSK P

12                  Plaintiff,

13        v.                                     ORDER

14   MULE CREEK STATE PRISON, et al.,

15                  Defendants.

16

17   **I. INTRODUCTION**

18        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

19   § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

20   proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22   Accordingly, the request to proceed in forma pauperis is granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

27   and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly

28
                                              1

1  payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

2  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4  § 1915(b)(2).

5  **II. SCREENING STANDARDS**

6       The court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

26  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

27  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

28  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

1    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v.</u>

2    <u>Pardus</u>, 551 U.S. 89, 93 (2007) (<u>quoting</u> <u>Bell Atlantic</u>, 550 U.S. at 555, citations and internal

3    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

4    true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the

5    pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

6    (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

7    **III. DISCUSSION**

8        **A. Plaintiff's Allegations**

9        Named as defendants are Mule Creek State Prison ("MCSP"), "john doe" lab tech, Officer

10   Malony and Officer Zaragarza.  (ECF No. 1 at 2.)  Plaintiff alleges that on March 11, 2024,

11   plaintiff had a ducat for a blood draw.  (<u>Id.</u> at 4.)  Defendant "john doe" lab tech could not hit a

12   vein in plaintiff's left arm.  (<u>Id.</u>)  Plaintiff showed defendant "john doe" lab tech that he was off,

13   so defendant "john doe" lab tech moved the needle to plaintiff's right arm.  (<u>Id.</u>)  When the third

14   vial did not fill fast enough for defendant "john doe" lab tech, he pulled the needle out halfway

15   and shoved it back in.  (<u>Id.</u>)  The needle hit something but not a vein.  (<u>Id.</u>)  Plaintiff told

16   defendant "john doe" lab tech that plaintiff was getting dizzy and was going to pass out.  (<u>Id.</u>)

17   Defendant "john doe" lab tech said, "hold on" and started tapping again where the needle was in

18   order to try and rush and fill the third vial.  (<u>Id.</u>)  As plaintiff passed out, defendant "john doe" lab

19   tech continued to draw blood with the needle in plaintiff's arm.  (<u>Id.</u>)  Staff came to plaintiff's

20   rescue and got defendant "john doe" lab tech off of plaintiff because plaintiff was not breathing.

21   (<u>Id.</u>)  Plaintiff had flat lined.  (<u>Id.</u>)  Plaintiff alleges that defendant "john doe" lab tech is biased

22   against inmates and likes to inflict harm.  (<u>Id.</u>)  Plaintiff alleges that plaintiff is not the only one

23   defendant "john doe" lab tech has done this to.  (<u>Id.</u>)  Plaintiff alleges that defendant "john doe"

24   lab tech has been caught on video before.  (<u>Id.</u>)

25       After plaintiff passed out, prison staff administered Narcan to plaintiff.  (<u>Id.</u> at 5.)

26   Plaintiff alleges that Narcan should not have been administered because plaintiff does not use

27   drugs.  (<u>Id.</u>)  Plaintiff also alleges that plaintiff has a slow heart pulse.  (<u>Id.</u>)  Plaintiff alleges that

28   the prison officials who administered Narcan failed to determine whether plaintiff had heart

3

1   problems or was allergic to Narcan prior to administering Narcan, as suggested by Narcan.com.

2   (Id.)  Plaintiff was taken to the infirmary and placed on an EKG monitor.  (Id. at 7.)  The nurse

3   had to run the EKG monitor four times because plaintiff's pulse was so low.  (Id.)  Dr. Snook told

4   plaintiff that he would put plaintiff on a heart monitor.  (Id.)  As of March 20, 2024, plaintiff had

5   not received the heart monitor.  (Id.)

6         After the incident described above, plaintiff returned to his building.  (Id.)  Plaintiff's legs

7   started going numb from the knees down to his feet.  (Id.)  Plaintiff walked out of the building to

8   the sidewalk track.  (Id.)  Defendant Malony, the tower officer, asked plaintiff where he was

9   going.  (Id.)  Plaintiff responded that he was going to medical because both legs were going

10  numb.  (Id.)  Defendant Malony told plaintiff that he was not going anywhere and that she would

11  call medical.  (Id.)  Plaintiff asked defendant Malony if she was "denying me to seek medical."

12  (Id.)  Defendant Malony responded, "Yes."  (Id.)  Plaintiff went back into the building and waited

13  for defendant Malony to call medical.  (Id. at 8.)  Plaintiff watched defendant Malony and she did

14  not call medical.  (Id.)  Plaintiff then went and called his sister for help.  (Id.)  Plaintiff's sister

15  called internal affairs.  (Id.)  Plaintiff then spoke with the floor staff officer, defendant Zaragarza.

16  (Id.)  Defendant Zaragarza stated that it was "their job" to call medical.  (Id.)  Plaintiff waited and

17  waited.  (Id.)  Plaintiff called his sister again.  (Id.)  Plaintiff's sister called internal affairs again

18  and spoke to Mr. Hilton.  (Id.)  Mr. Hilton said he would send a text message to MCSP.  (Id.)

19  Plaintiff's niece called MCSP and spoke with Lieutenant Vest around 4:21 p.m.  (Id.)  Plaintiff

20  was called to the program office about the incident.  (Id. at 8-9.)  At 6:30 p.m., plaintiff was seen

21  by medical.  (Id.)  All medical did was check plaintiff's pulse and send plaintiff back to his cell.

22  (Id.)

23         **B. Claim One**

24         Plaintiff claims that defendant "john doe" lab tech violated plaintiff's Eighth Amendment

25  right to adequate medical care in the manner he took plaintiff's blood.  This Court finds that

26  plaintiff states a potentially colorable claim for violation of plaintiff's Eighth Amendment right to

27  adequate medical care against defendant "john doe" lab tech.

28         Plaintiff also claims that defendant "john doe" lab tech used excessive force in violation

4

1   of the Eighth Amendment when he took plaintiff's blood.  Plaintiff does not allege that defendant

2   "john doe" lab tech restrained plaintiff during the blood draw or that the blood draw was non-

3   consensual.  For these reasons, this Court finds that plaintiff's allegations that defendant "john

4   doe" lab tech used improper methods to draw plaintiff's blood are properly analyzed as a claim

5   for violation of plaintiff's Eighth Amendment right to adequate medical care rather than as a

6   claim for excessive force.  Accordingly, plaintiff's excessive force claim is dismissed.

7        Plaintiff also alleges that defendant "john doe" lab tech violated various state laws in the

8   manner he took plaintiff's blood, including medical malpractice and California Business and

9   Professions Code sections 2700, 2715 and 2736.  The sections of the California Business and

10  Professions Code cited by plaintiff do not provide for private causes of actions.  Accordingly,

11  these claims are dismissed.

12       The Government Claims Act requires that a tort claim against a public entity or its

13  employees be presented to the California Victim Compensation and Government Claims Board

14  no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 900, 905.2, 910,

15  911.2, 945.4, 950, 950.2.  Presentation of a written claim, and action on or rejection of the claim

16  are conditions precedent to suit.  State v. Superior Court of Kings Cnty and Bodde, 32 Cal.4th

17  1234, 1239 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.

18  1995).  To state a tort claim against a public employee or public entity, a plaintiff must allege

19  compliance with the Government Claims Act.  Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at

20  1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  Because

21  plaintiff fails to allege compliance with the Government Claims Act, plaintiff's medical

22  malpractice claim against defendant "john doe" lab tech is dismissed.

23       Plaintiff also appears to raise claims against defendant MCSP based on the alleged

24  improper administration of Narcan by prison officials and the alleged improper method used to

25  draw plaintiff's blood by defendant "john doe" lab tech under the Americans with Disabilities Act

26  ("ADA"), the Rehabilitation Act ("RA") and the California Bane Act.  This Court first considers

27  plaintiff's claims under the ADA and RA.

28       Both the ADA and the RA apply in the prison context.  See Armstrong v.

5

1  Schwarzenegger, 622 F.3d 1058, 1063 (9th Cir. 2010).  Pursuant to the ADA, "no qualified

2  individual with a disability shall, by reason of such disability, be excluded from participation in or

3  be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

4  discrimination by any such entity."  42 U.S.C. § 12132.  Section 504 of the RA provides, "[n]o

5  otherwise qualified individual with a disability in the United States ... shall, solely by reason of

6  her or his disability, be excluded from the participation in, be denied the benefits of, or be

7  subjected to discrimination under any program or activity receiving Federal financial

8  assistance..."  29 U.S.C. § 794(a).  A prison inmate states a potentially colorable claim under both

9  the ADA and the RA if he alleges that he was "improperly excluded from participation in, and

10 denied the benefits of, a prison service, program, or activity on the basis of his physical

11 handicap."  Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997).  "The proper defendant

12 for a claim under Title II of the ADA and § 504 of the RA is the public entity responsible for the

13 alleged discrimination."  Peace v. 850 Bryant St., 2019 WL 5423473, at *3 (N.D. Cal. Oct. 23,

14 2019).

15      Plaintiff names the correct defendant for his ADA and RA claims, i.e., MCSP.  However,

16 plaintiff fails to describe how the alleged improper administration of Narcan and the alleged

17 improper method used to draw plaintiff's blood violated the ADA and RA.  While plaintiff

18 alleges that he is disabled (see ECF No. 1 at 15), plaintiff does not describe how the alleged

19 improper administration of Narcan and the alleged improper method used to draw his blood

20 caused plaintiff to be excluded from or denied the benefits of prison services, program or

21 activities because of his disability.  Accordingly, plaintiff's ADA and RA claims against

22 defendant MCSP are dismissed.

23      With regard to plaintiff's Bane Act claim against defendant MCSP based on the alleged

24 improper administration of Narcan and alleged improper method used to draw his blood, plaintiff

25 fails to allege compliance with the Government Claims Act.  See Bodde, 32 Cal.4th at 1239;

26 Mangold, 67 F.3d at 1477; Karim-Panahi, 839 F.2d at 627.  Accordingly, plaintiff's Bane Act

27 claim against defendant MCSP is dismissed.  See Crane v. Lopez, 2024 WL 1241716, at *7 (E.D.

28 Cal. March 22, 2024) ("The Government Claims Act applies to claims brought under the Bane

6

1  Act.") (citing <u>Inman v. Anderson</u>, 294 F. Supp. 3d 907, 925 (N.D. Cal. 2018)).[1]

2      In claim one, plaintiff also alleges violation of the Equal Protection Clause and his right to

3  substantive due process.  For the following reasons, these claims are dismissed.

4      An equal protection claim may be established by demonstrating that a defendant

5  intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a

6  protected class.  See e.g., <u>Lee v. Cit of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001).  If the

7  action in question does not involve a protected class, a plaintiff may establish an equal protection

8  claim by showing that similarly situated individuals were intentionally treated differently without

9  a rational relationship to a legitimate state purpose.  See <u>Village of Willowbrook v. Olech</u>, 528

10  U.S. 562, 564 (2000).  The allegations in the complaint fail to demonstrate an equal protection

11  claim under either theory set forth above.  Accordingly, plaintiff's equal protection claim is

12  dismissed.

13      Plaintiff's claim alleging violation of his right to substantive due process appears to be

14  based on the same facts as his potentially colorable Eighth Amendment claims discussed above.

15  Because plaintiff is a convicted prisoner, his claims based on denial of the right to adequate

16  medical care arise solely under the Eighth Amendment.  See <u>County of Sacramento v. Lewis</u>, 523

17  U.S. 833, 843 (1998) (when constitutional claim is covered by specific provision such as Eighth

18  Amendment, it should not be analyzed under substantive due process principles of Fourteenth

19  Amendment).  Accordingly, plaintiff's substantive due process claim is dismissed.

20      **C. Claim Two**

21      Plaintiff claims that defendants Malony and Zaragarza violated the Eighth Amendment

22  when they denied plaintiff access to medical care.  This Court finds that plaintiff states potentially

23  colorable Eighth Amendment claims against defendant Malony and Zaragarza.  Plaintiff also

24  appears to claim that defendants Malony and Zaragarza violated plaintiff's right to substantive

25

26  [1]  Defendant MCSP is likely entitled to the general immunity for public entities pursuant to
California Government Code § 844.6 with respect to plaintiff's Bane Act claim against defendant
27  MCSP based on the alleged improper administration of Narcan and the alleged improper method
used to draw plaintiff's blood.  See <u>Arceo v. City of Roseville</u>, 2023 WL 5417210, at *10 (E.D.
28  Cal. Aug. 22, 2023).

7

1    due process by denying plaintiff access to medical care.  Because plaintiff is a convicted prisoner,

2    his claim based on denial of right to adequate medical care arises solely under the Eighth

3    Amendment.  Lewis, 523 U.S. at 843.  Accordingly, plaintiff's substantive due process claim

4    against defendants Malony and Zaragarza is dismissed.

5         Plaintiff also appears to claim that defendants Malony and Zaragarza acted negligently

6    and violated the Bane Act by denying plaintiff access to medical care.  Plaintiff's state law claims

7    against defendants Malony and Zaragarza are dismissed because plaintiff fails to allege

8    compliance with the Government Claims Act.  See Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d

9    at 1477; Karim-Panahi, 839 F.2d at 627.

10   **IV.  CONCLUSION**

11        Plaintiff may proceed forthwith with his claims against defendants Malony, Zaragarza and

12   "john doe" lab tech and pursue his potentially cognizable Eighth Amendment claims against only

13   those defendants, or he may delay serving any defendant and attempt to cure the pleading defects

14   as to his remaining claims.  If plaintiff elects to proceed forthwith against defendants Malony,

15   Zaragarza and "john doe" lab tech, then within thirty days plaintiff must so elect on the attached

16   form.  In this event the Court will construe plaintiff's election as consent to dismissal of those

17   claims found not cognizable above without prejudice.  Under this option, plaintiff does not need

18   to file an amended complaint.

19        Or, plaintiff may delay serving any defendant and attempt again to cure the pleading

20   defects discussed above.  If plaintiff elects to attempt to amend his complaint to cure the pleading

21   defects discussed above, plaintiff has thirty days to amend.  Plaintiff is not granted leave to add

22   new claims or new defendants.

23        Any amended complaint must show the federal court has jurisdiction, the action is brought

24   in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff

25   is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.

26   Plaintiff must identify as a defendant only persons who personally participated in a substantial

27   way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743

28   (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an

8

1   act, participates in another's act, or omits to perform an act he is legally required to do that causes

2   the alleged deprivation).

3        A district court must construe a pro se pleading "liberally" to determine if it states a claim

4   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

5   opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

6   detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

7   action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S.

8   662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff

9   must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

10  plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

11
12
13
14
15
> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

16  Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

17  can provide the framework of a complaint, they must be supported by factual allegations, and are

18  not entitled to the assumption of truth.  Id.

19       An amended complaint must be complete in itself without reference to any prior pleading.

20  Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

21  ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

22  existent'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

23  pleading is superseded.  Plaintiff  is not granted leave to add new claims or new defendants.

24       Accordingly, IT IS HEREBY ORDERED that:

25       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

26       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

27  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

28  § 1915(b)(1).  All fees shall be collected and paid in accordance with this Court's order to the

1 Director of the California Department of Corrections and Rehabilitation filed concurrently

2 herewith.

3      3. All claims, but for the Eighth Amendment claims against defendants Malony,

4 Zaragarza and "john doe" lab tech, are dismissed with leave to amend.  Within thirty days of

5 service of this order, plaintiff may amend his complaint to attempt to cure the pleading defects as

6 to those claims found not cognizable above.  Plaintiff is not obligated to amend his complaint.

7      4. The allegations in the complaint are sufficient to state potentially cognizable Eighth

8 Amendment claims against defendants Malony, Zaragarza and "john doe" lab tech.  See

9 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claims, plaintiff shall so

10 indicate on the attached form and return it to the Court within thirty days from the date of this

11 order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to

12 an order dismissing the defective claims without prejudice.

13      5. Failure to comply with this order will result in a recommendation that this action be

14 dismissed.

15

16 Dated:  September 25, 2024

17                              _____

18                              CHI SOO KIM
                             UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23 Will2354.14(2)

24 2

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER JOHN WILSON,                    No.   2:24-cv-2354 CSK P

12                  Plaintiff,

13          v.                                    NOTICE OF ELECTION

14   MULE CREEK STATE PRISON, et al.,

15                  Defendants.

16
              Plaintiff elects to proceed as follows:
17

18    _____        Plaintiff opts to proceed with his Eighth Amendment claims against
                    defendants Malony, Zaragarza and "john doe" lab tech.  Under this option,
19                  plaintiff consents to dismissal of all other claims raised in the complaint,
                    without prejudice.
20
        OR
21
      _____        Plaintiff opts to file an amended complaint and delay service of process.
22

23   DATED:

24                          _____
                            Plaintiff
25

26

27

28
                                          11