UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON, | No. 2:24-cv-2354 CSK P |
| Plaintiff, | |
| v. | ORDER |
| MULE CREEK STATE PRISON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's request for clarification regarding subpoenas filed June 16, 2025. (ECF No. 30.) This Court construes plaintiff's request as a motion for issuance of subpoenas. For the following reasons, plaintiff's motion for issuance of subpoenas is denied.

To put plaintiff's pending request in context, this Court sets forth the following background information. This action proceeds on plaintiff's complaint filed August 28, 2024 against defendants Mule Creek State Prison ("MCSP") Correctional Officers Malony and Zaragoza. (ECF No. 1.) Plaintiff alleges that defendants Malony and Zaragoza violated the Eighth Amendment by failing to provide plaintiff with medical care shortly after plaintiff was administered Narcan. (Id. at 7-8.) On June 4, 2025, defendants Malony and Zaragoza filed an answer to plaintiff's complaint. (ECF No. 28.) On June 6, 2025, the Court issued a Discovery

1

1  and Scheduling Order setting the discovery deadline as October 3, 2025 and the pretrial motion
2  deadline as December 26, 2025.  (ECF No. 29.)

3        In the order screening plaintiff's complaint, this Court found that plaintiff stated a
4  potentially colorable Eighth Amendment claim against defendant "john doe" lab tech regarding
5  the manner in which defendant "john doe" lab tech took plaintiff's blood.  (ECF No. 6 at 4.)
6  Plaintiff has not filed a motion to amend the complaint to substitute the real name for defendant
7  "john doe" lab tech.  See Mosier v. California Department of Corrections & Rehabilitation, 2012
8  WL 2577524, at *3 (E.D. Cal. July 3, 2012).

9        In the pending request, plaintiff states that he would like to subpoena the correctional
10  officers who witnessed defendant "john doe" lab tech take plaintiff's blood.  (ECF No. 30 at 1.)
11  Plaintiff alleges that he has no subpoena forms.  (Id.)  This Court construes plaintiff's pending
12  request as a motion for issuance of subpoenas.

13        A subpoena served upon a third party may seek only (1) testimony, (2) the production of
14  documents, electronically stored information, or tangible things within the possession, custody, or
15  control of the third party, or (3) inspection of premises.  See Fed. R. Civ. P. 45(a)(1)(iii).  To the
16  extent plaintiff seeks to subpoena the correctional officers as witnesses for trial, plaintiff's request
17  for subpoenas is premature because defendant "john doe" lab tech has not been served and this
18  action is not set for trial.  This Court also observes that the Discovery and Scheduling Order sets
19  forth the procedures for obtaining witnesses at trial.  (ECF No. 29.)

20        To the extent plaintiff seeks to subpoena documents from the correctional officers, the
21  Court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is
22  subject to limitations.  See Wuco v. Doe, 2025 WL 1859378, at *2 (E.D. Cal. June 13, 2025).
23  Because personal service of a subpoena duces tecum is required, see Fed. R. Civ. P. 45(b),
24  "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not
25  taken lightly by the court."  Austin v. Winett, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008);
26  28 U.S.C § 1915(d).  Limitations include the relevance of the information sought, as well as the
27  burden and expense to the non-party in providing the requested information.  See Wuco, 2025
28  WL 1859378 at *2 (citing Fed. R. Civ. P. 26, 45).

A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. Id.

To the extent plaintiff seeks to subpoena documents from the correctional officers, plaintiff does not identify the documents sought or address the relevance of the documents. Plaintiff also fails to demonstrate that the documents sought are only obtainable through the correctional officers. For these reasons, plaintiff's motion for issuance of subpoenas is denied. If plaintiff renews his motion for issuance of subpoenas, plaintiff shall address the legal standards set forth above.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for clarification regarding subpoenas (ECF No. 30), construed as a motion for issuance of subpoenas, is denied.

Dated: July 17, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Wils2354.ord/2